

**LISA SCOLARI**
Attorney at Law
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
scolarilaw@gmail.com
(212) 227-8899

April 12, 2023

Hon. Katherine Polk Failla
United States District Court
40 Foley Square
New York, N.Y. 10007
*via ECF and email: Failla_NYSDChambers@nysd.uscourts.gov*

Re: United States v. Daquan Garnett,
21 Cr. 414 (KPF)

Your Honor:

I write in advance of Daquan Garnett's plea to a 21 USC § 841 (b)(1)(C, which is scheduled for April 13, 2023, to request that the Court permit Mr. Garnett to remain on bond after his plea based on the exceptional reasons detailed below.

***The law requiring remand***

As the Court is aware, the statute that governs bail pending sentence[1] refers to the general bail statute which states that a defendant who is charged with a crime of violence or a drug crime and faces a maximum of ten years must be incarcerated.[2] However, there is a statute that provides an exception to the mandatory detention requirement. 18 USC §31459(C.

In relevant part, the stature states that: "A person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145© . The conditions of release set forth in §3143(a)(1) require a finding by the court "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. §3143(a)(1). "[E]xceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The Second Circuit has explained that, in determining whether exceptional reasons exist, "a case by case evaluation is essential," and a district court's discretion "is constrained only by the language of the statute: 'exceptional reasons.'" *Id.*; *see United States v. Hugo Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2 (S.D.N.Y.

---

[1] 18 USC §3143(a)(2)

[2] 18 USC §3142(f)(1)(A) and (B)

Mar. 26, 2020) ("*Witter*").

### *Exceptional reasons exist in this case*

The exceptional reasons in this case mainly arise from the ongoing hardship caused by the covid 19 pandemic which has resulted inadequate staffing and other issues in MDC which cause frequent "lock-downs". These lock-down periods, the most recent of which has been ongoing for approximately a month, require the clients to be confined to their cells for unacceptably long periods of time. Initially during this period, clients were only permitted out of their cells three days a week for a half an hour to shower. They could not make phone calls or email as those services were cut off. After nearly three weeks the clients were permitted out of their cells for one and a half hours a day, but only during week days. In that time they were expected to shower, call loved ones, attempt to review discovery, and email their attorneys. Most recently, the clients are being permitted out of their cells for three hours a day, again only during week days. These lock-downs, which are unpredictable and frequent, interfere with a client's ability to communicate with counsel, review discovery, and prepare for sentence.

### *Additional factors specific to Daquan Garnett*

Mr. Garnett will be pleading guilty to a non-mandatory minimum charge with a 41-51 month guideline range. He is now twenty eight years old and has a very minor criminal history dating back to 2015, when he was eighteen or nineteen. Before his arrest for participating in the drug conspiracy in this case, Mr. Garnett left the conspiracy and moved far from his Manhattan neighborhood. He and his girlfriend relocated to Newark New Jersey and have since had a daughter, eighteen month old Lelani. Mr. Garnett got a job at the Federal Express warehouse in Newark where he has been working for the past one and half years. His supervisor is aware of this case and Mr. Garnett is permitted to take time off to appear in court and meet with counsel. Mr. Garnett must rely on several different buses to make the convoluted one and a half to two hour trip to work, but he shows up on time for every shift.

Mr. Garnett's girlfriend works, but the family relies on his income to maintain their apartment and pay the bills. More importantly, Mr. Garnett is needed to help care for their daughter when his girlfriend is at work. They have structured their work schedules so that each parent is available to care for their daughter when the other is working. If Mr. Garnett is incarcerated the entire family will be disrupted as his girlfriend will have to give up their apartment and move back to New York to live with people who can help care for their daughter while she works.

### *Mr. Garnett does not pose a flight risk or danger to the community*

Mr. Garnett has a good record of compliance with his pretrial release conditions demonstrating that he does not pose a flight risk or danger to the community. He was released on a fifty thousand dollar ($50.000.00) bond on February 2, 2022, the day he first appeared in court. The bond was co-signed by his girlfriend and he was initially subject to home detention with location monitoring at his home in New Jersey. Thereafter the Court, with the consent of the government and pretrial, modified Mr. Garnett's release conditions from home detention to a curfew. Location monitoring via a bracelet has remained in place. Those modifications in Mr.

Garnett's release conditions would not have been made if anyone viewed him as either a flight risk or danger to the community.  Mr. Garnett will not become a different person when he enters his guilty plea. Based on his pretrial release history, the Court would be justified in finding by clear and convincing evidence that he is neither a flight risk or a danger to society.

      Therefore,  for all of the forgoing reasons, Mr. Garnett requests that the Court find that exceptional reasons exist in this case and permit him to remain on liberty on bond during the ongoing difficulties caused by the covid 19 crisis.[3]

### *In the Alternative*

      If  the Court does not agree that continued release is justified by exceptional reasons in this case, we ask that the Court consider the  alternative procedure followed by Hon. Alison J. Nathan in a mandatory remand drug case. The Court could take the plea, but not "accept it" meaning that the plea would not be final, thus avoiding remand. In *United States v. Nicole Munderville*, 17 Cr. 339 (AJN)  Pretrial addiction specialist Carlos Ramirez recommended that Judge  Nathan consider that option so that Ms. Munderville, who was making excellent progress in a residential drug treatment program could remain in the program. The government did not object and Ms. Munderville was able to stay in the program. At sentencing, Judge Nathan accepted the plea before imposing sentence.

      Respectfully,

      *Lisa Scolari*

      Lisa Scolari

SO ORDERED:

_____
HON. KATHERINE POLK FAILLA

cc: AUSA Thomas Wright, Esq. via email

---

[3] If the Court prefers, Mr. Garnett would be willing to submit to the more restrictive terms of his bond, home detention, with the ability to work.

3

The Court is in receipt of Mr. Garnett's above request to remain on bond after his plea and will rule on it at tomorrow's conference. The Government may, but is not required to, file a written response prior to that conference. Both parties should be prepared to discuss the issues raised in Mr. Garnett's letter at the conference.

The Clerk of Court is directed to terminate the motion at docket entry 168.

Dated:   April 12, 2023
         New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE